UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORNELL MARTIN** | **CIVIL ACTION** |
| **versus** | **NO. 15-1114** |
| **WINN CORRECTIONAL CENTER** | **SECTION: "R" (3)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Cornell Martin, is a state prisoner incarcerated at the Winn Correctional Center in Winnfield, Louisiana. On September 13, 2011, he was convicted of simple robbery under Louisiana law.[1] On January 4, 2012, he pleaded guilty to being a second offender and was sentenced as such to a term fourteen years imprisonment without benefit of probation or suspension of sentence.[2] On February 15, 2013, the Louisiana First Circuit Court of Appeal affirmed his

---

[1] State Rec., Vol. II of VI, transcript of September 13, 2011, p. 333; State Rec., Vol. I of VI, minute entry dated September 13, 2011; State Rec., Vol. I of VI, jury verdict form.

[2] State Rec., Vol. II of VI, transcript of January 4, 2012; State Rec., Vol. I of VI, minute entry dated January 4, 2012.

conviction, habitual offender adjudication, and sentence.[3] The Louisiana Supreme Court then denied his related writ application on October 4, 2013.[4]

On November 13, 2013, petitioner filed an application for post-conviction relief with the state district court.[5] That application was denied on November 21, 2013.[6] His related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal on April 8, 2014,[7] and by the Louisiana Supreme Court on February 27, 2015.[8]

On April 1, 2015, petitioner filed the instant federal application seeking *habeas corpus* relief. In support of that application, he claims that his rights were violated during the habitual offender proceedings because he was not advised of his rights pursuant to Boykin v. Alabama, 395 U.S. 238 (1969).[9] The state concedes that the application is timely and that petitioner exhausted his remedies in the state courts; however, the state argues that petitioner's claim must be dismissed because it is procedurally barred and, alternatively, has no merit.[10] The state is correct.

The United States Fifth Circuit Court of Appeals has held:

---

[3] State v. Martin, No. 2012 KA 1065, 2013 WL 595790 (La. App. 1st Cir. Feb. 15, 2013); State Rec., Vol. III of VI.

[4] State v. Martin, 122 So.3d 1013 (La. 2013); State Rec., Vol. III of VI.

[5] State Rec., Vol. III of VI.

[6] State Rec., Vol. III of VI.

[7] State v. Martin, No. 2013 KW 2182 (La. App. 1st Cir. Apr. 8, 2014); State Rec., Vol. III of VI.

[8] State *ex rel.* Martin v. State, 160 So.3d 983 (La. 2015); State Rec., Vol. III of VI.

[9] Rec. 4, p. 2.

[10] Rec. Docs. 12 and 13.

> A claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision. To satisfy the "independent" and "adequate" requirements, the dismissal must "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims. This rule applies to state court judgments on both substantive and procedural grounds.

Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted).

Here, there is no question that petitioner's claim was denied by the state courts on procedural grounds. In the last state court opinion addressing the claim, the Louisiana Supreme Court stated: "Denied. La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172; see also State v. Cotton, 09-2397 (La. 10/15/10), 45 So.3d 1030." Those cited authorities all concern state procedural rules. Specifically, article 930.3 sets forth the limited grounds on which a petitioner can seek post-conviction relief under state law.[11] In Melinie, the

---

[11] Specifically, article 930.3 provides:

> If the petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds:
>
> (1) The conviction was obtained in violation of the constitution of the United States or the state of Louisiana;
> (2) The court exceeded its jurisdiction;
> (3) The conviction or sentence subjected him to double jeopardy;
> (4) The limitations on the institution of prosecution had expired;
> (5) The statute creating the offense for which he was convicted and sentenced is unconstitutional; or
> (6) The conviction or sentence constitute the ex post facto

Louisiana Supreme Court then held: "La. Code Crim. Proc. art. 930.3, which sets out the exclusive grounds for granting post-conviction relief, provides no basis for review of claims of excessiveness *or other sentencing error* post-conviction." Melinie, 665 So.2d at 1172 (emphasis added). In Cotton, the Louisiana Supreme Court further clarified: "An habitual offender adjudication ... constitutes sentencing for purposes of Melinie and La.C.Cr.P. art. 930.3, *which provides no vehicle for post-conviction consideration of claims arising out of habitual offender proceedings*, as opposed to direct appeal of the conviction and sentence." Cotton, 45 So.3d at 1030 (emphasis added).

Federal courts have repeatedly held that article 930.3 and the Melinie decision are independent and adequate state rules to support the application of a procedural bar. See, e.g., Hull v. Stalder, No. 99-31199, 2000 WL 1598016 (5th Cir. Sept. 28, 2000); Davis v. Prince, Civ. Action No. 11-0172, 2011 WL 5878155, at *7 (E.D. La. Sept. 28, 2011), adopted, 2011 WL 5878152 (E.D. La. Nov. 23, 2011); Cotton v. Cooper, Civ. Action No. 11-0231, 2011 WL 5025311, at *7-8 (E.D. La. Sept. 14, 2011), adopted, 2011 WL 5025295 (E.D. La. Oct. 21, 2011); Taylor v. Cain, Civ. Action No. 07-3929, 2008 WL 4186883, at *16 (E.D. La. Sept. 10, 2008); Williams v. Cain, Civ. Action No. 05-0710, 2008 WL 3363562, at *8 (E.D. La. Aug. 8, 2008); Madina v. Cain, Civ. Action No. 05-2126, 2006 WL 2726506, at *3 (E.D. La. Sept. 20, 2006); Johnson v. Andrews, Civ. Action No. 05-0413, 2006 WL 2294864, at *4 (E.D. La. Aug. 4, 2006); Williams v. Miller, Civ. Action No.

---

> application of law in violation of the constitution of the United States or the state of Louisiana.
> (7) The results of DNA testing performed pursuant to an application granted under Article 926.1 proves by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted.

La. Code Crim. P. art. 930.3.

05-0086, 2006 WL 2087867, at *9 (E.D. La. July 24, 2006); Dedmond v. Cain, Civ. Action No. 03-3375, 2005 WL 1578086, at *8 (E.D. La. June 30, 2005); Leonard v. Hubert, Civ. Action No. 00-0511, 2001 WL 333123, at *7 (E.D. La. Apr. 4, 2001). The same is true of the Cotton decision. Williams v. Vannoy, Civ. Action No. 14-1914, 2015 WL 3505116, at *7 (E.D. La. June 3, 2015); Banks v. Cain, Civ. Action No. 14-2363, 2014 WL 5780635, at *4-5 (W.D. La. Nov. 5, 2014); Williams v. Strain, Civ. Action No. 13-2998, 2014 WL 5305634, at *5-6 (E.D. La. Oct. 15, 2014); Johnson v. Terrell, No. 12-2439, 2013 WL 6145140, at *9 (E.D. La. Nov. 21, 2013).

When, as here, the state courts have relied on independent and adequate state procedural rules in finding a claim defaulted, "federal *habeas* review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice." Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999).

"To establish cause for a procedural default, there must be something *external* to the petitioner, something that cannot fairly be attributed to him." Johnson v. Puckett, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted) (emphasis in original). Objective factors that can constitute cause include interference by officials that makes compliance with the state procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel, and ineffective assistance of counsel. Romero v. Collins, 961 F.2d 1181, 1183 (5th Cir. 1992). Here, petitioner has made no attempt to establish cause for his default. "Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996).

Without a showing of cause and prejudice, a petitioner's defaulted claim is procedurally barred unless the application of the bar will result in a fundamental miscarriage of justice. The fundamental miscarriage of justice exception is limited to claims of actual innocence. See Bagwell v. Dretke, 372 F.3d 748, 757 (5th Cir. 2004); Lucas v. Johnson, 132 F.3d 1069, 1077 (5th Cir. 1998). However, it is unclear to what extent, if any, the "actual innocence" exception is available when the defaulted claim relates merely to an alleged sentencing error in a noncapital proceeding.

In Haley v. Cockrell, 306 F.3d 257 (5th Cir. 2002), the United States Fifth Circuit Court of Appeals, after noting that a split exists among the circuits on that issue, held that the "actual innocence" exception is available to petitioners in noncapital proceedings who claim they were erroneously sentenced as habitual or multiple offenders. Id. at 265-66. However, the Haley court held that, when barred claims dealt with such alleged sentencing errors, the "actual innocence" requirement is met only when the petitioner shows that "he would have not been legally eligible for the sentence he received." Id. at 264. The Supreme Court subsequently vacated the Haley decision on other grounds and remanded the case to the Fifth Circuit. Dretke v. Haley, 541 U.S. 386 (2004). In so doing, the Supreme Court declined to answer the question of whether the "actual innocence" exception applies to noncapital sentencing errors. Id. at 393-94.

This Court does not attempt to answer the question left open by the Supreme Court. Nevertheless, *even if* the "actual innocence" exception is available to defaulted claims regarding noncapital sentencing errors, petitioner has failed to allege, much less establish, that he was legally

ineligible for the habitual offender sentence he received. Thus, he has not demonstrated that any miscarriage of justice will result from application of the procedural bar.

Accordingly, for the foregoing reasons, the undersigned has no hesitation in finding that petitioner's claim challenging his multiple offender adjudication is in fact procedurally barred in this federal proceeding. Nevertheless, out of an abundance of caution, the Court additionally notes that petitioner's claim also fails on the merits for the following reasons.

To the extent that petitioner is contending that the trial judge failed to comply with the requirements of *state law* regarding the advisement of rights, that contention, even if true, would not state a cognizable federal *habeas* claim. "Errors of state law and procedure ... are not cognizable unless they result in the violation of a federal constitutional right." Lee v. Whitley, No. 93-03791, 1994 WL 395071, at *3 (5th Cir. June 28, 1994) (holding that judge's purported violation of state law in failing to inform the petitioner of his right against self-incrimination in the habitual offender proceeding was not cognizable in a federal *habeas corpus* proceeding); see also Payne v. Whitley, No. 94-30101, 1995 WL 84049, at *2 (5th Cir. Feb. 6, 1995); Odom v. Wheat, Civ. Action No. 09-3028, 2009 WL 3199178, at *6 (E.D. La. Sept. 30, 2009).

Further, to the extent that petitioner is contending that there was a violation of *federal law*, that contention is meritless. Even in those situations in which an advisement of rights is required, the federal Constitution does not require an express articulation and waiver of rights on the record before a guilty plea may be accepted. Barksdale v. Blackburn, 670 F.2d 22, 25 (1982); Brown v. Jernigan, 622 F.2d 914, 915 (5th Cir. 1980). Moreover, in any event, the United States Fifth Circuit Court of Appeals has held that the jurisprudence mandating such an advisement of

rights has "only a limited application to multiple offender proceedings." Joseph v. Butler, 838 F.2d 786, 790 (5th Cir. 1988). Rather than applying a strict Boykin analysis, federal courts in this Circuit consider only whether the "totality of the circumstances" indicate that a plea in habitual offender proceedings was voluntary and intelligent. Id. at 789-90; see also Alexander v. Whitley, 940 F.2d 946, 947 (5th Cir. 1991); Swift v. Lynn, 870 F.2d 1039, 1041-42 (5th Cir. 1989).

Considering the totality of the circumstances in the instant case, the Court finds meritless any suggestion that petitioner's guilty plea in the habitual offender proceeding was involuntary or unintelligent. At the habitual offender proceeding, petitioner's counsel stated on the record: "The State has provided me an opportunity to review the multiple bill and the certifications that go along with that. I have presented those to Mr. Martin. He has reviewed those with me."[12] The transcript from that hearing further reflects the following exchange and advisement of rights:

> BY THE COURT:
> Also, I need now to inform you the District Attorney has filed a multiple bill of information which has charged that you are one in [sic] the same person who was convicted in preceding [sic] 372687 with possession of Cocaine in this judicial district and the same person found guilty of simple robbery in this proceeding.
> I advise you, you have the right to be tried as to the truth of that allegation contained in the bill of information. You have the right to remain silent and have the State prove the allegations of the contents of the bill in the bill of information. Also, you may admit or deny the allegations contained in the bill of information.
> Do you admit or deny or prefer to remain silent?
>
> BY MR. MARTIN:
> I admit.[13]

---

[12] State Rec., Vol. II of VI, transcript of January 4, 2012, pp. 337.

[13] Id. at pp. 338-39.

- 8 -

Based on the foregoing and petitioner's failure to present any evidence whatsoever in support of his claim, the Court concludes that petitioner's guilty plea, entered with the assistance of counsel, was voluntary and intelligent. Accordingly, there was no federal violation.

### **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by **Cornell Martin** be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[14]

New Orleans, Louisiana, this twenty-seventh day of July, 2015.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.